UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JOHNNY PEREZ COLON,

                Plaintiff,　　　　　　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　　　19-CV-4535 (MKB)
      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

    Plaintiff Johnny Perez Colon, proceeding *pro se*, commenced the above-captioned action on August 1, 2019, against the Commissioner of the Social Security Administration (the "Commissioner"). (Compl., Docket Entry No. 1.) Plaintiff seeks review of a final decision of the Commissioner denying Plaintiff's claim for Social Security disability insurance benefits under the Social Security Act (the "SSA"), pursuant to 42 U.S.C. § 405(g). (Compl. ¶ 1.) The Commissioner moves to dismiss the Complaint because Plaintiff's action was not timely filed and there is no basis to toll the statute of limitations. (Comm'r's Mot. to Dismiss ("Comm'r's Mot."), Docket Entry No. 10; Comm'r's Mem. in Supp. of Comm'r's Mot. ("Comm'r's Mem."), Docket Entry No. 11.) Plaintiff opposes the motion. (Pl.'s Opp'n to Comm'r's Mot. ("Pl.'s Opp'n"), Docket Entry No. 14.)

    For the reasons set forth below, the Court grants the Commissioner's motion.

**I. Background**

    On July 2, 2018, administrative law Judge James Kearns (the "ALJ") denied Plaintiff's claim for disability insurance benefits under Title II of the SSA. (Compl. ¶ 7; Decl. of Janay Podraza ("Podraza Decl.") ¶ 3(a), annexed to Comm'r's Mem., Docket Entry No. 11-3; ALJ's

Decision 11–15, annexed to Podraza Decl. as Ex. 1, Docket Entry No. 11-3.)[1] Plaintiff requested review by the Social Security Administration Appeals Council, and, on May 14, 2019, the Appeals Council sent Plaintiff a denial of his request for review of the ALJ's determination, rendering the ALJ's decision final (the "Notice of Denial"). (Notice of Denial 16–23, annexed to Podraza Decl. as Ex. 2, Docket Entry No. 11-3.) The Notice of Denial indicated that Plaintiff had sixty days to file a civil action and that the sixty days began the day after he received the Notice of Denial. (*Id.* at 17.) It further indicated that Plaintiff would be presumed to have received the Notice of Denial five days after the date on the Notice of Denial unless he showed that he did not receive it within the five-day period and that, if he could not file for court review within sixty days, he could request an extension of time to file a civil action. (*Id.* at 17–18.) Plaintiff did not request an extension, (*see* Podraza Decl. ¶ 3(b)), and commenced this action on August 1, 2019, (Compl.).

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021); *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Because the exhibits to the Podraza Declaration are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (same).

In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

### b. Plaintiff's claim that his social security benefits were wrongfully denied is untimely and not subject to equitable tolling

#### i. Plaintiff's claim is untimely

The Commissioner argues that the Court should dismiss Plaintiff's claim because he did not timely commence this action. (Comm'r's Mem. 3–6.)

Plaintiff argues that the Court should consider his Complaint timely because he did not receive the Notice of Denial until July 21, 2019. (Pl.'s Opp'n 1.)

Claimants seeking federal district court review of a final decision by the Commissioner must file a civil action within sixty days of receiving notice of such a decision. 42 U.S.C. § 405(g). This requirement "is not jurisdictional, but rather constitutes a period of limitations," which "is a condition on the waiver of sovereign immunity" that "must be strictly construed." *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483–84 (W.D.N.Y. 2015) (quoting *Bowen v. City of New York*, 476 U.S. 467, 478–79 (1986)). The notice of the Commissioner's final decision is presumed to have been received within five days of its mailing unless a plaintiff can show otherwise. 20 C.F.R. §§ 416.1401, 422.210(c); *see also Matsibekker v. Heckler*, 738 F.2d

3

79, 81 (2d Cir. 1984) (same); *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724, 2015 WL 1439862, at *3 (E.D.N.Y. Mar. 27, 2015) (citing *Matsibekker*, 738 F.2d at 81) (same).  A plaintiff must make a "reasonable showing" to overcome the presumption of receipt.  *Liranzo v. Comm'r*, 411 F. App'x 390, 391 (2d Cir. 2011); *see McIntosh v. Comm'r*, No. 19-CV-5362, 2021 WL 826252, at *3 (E.D.N.Y. Mar. 4, 2021) (stating that a plaintiff must present "some affirmative evidence indicating that the actual receipt occurred more than five days after issuance" and that "unsupported affidavit evidence" is insufficient (first quoting *Malavolta v. Comm'r*, No. 08-CV-6528, 2009 WL 1097275, at *3 (S.D.N.Y. Apr. 23, 2009), *report and recommendation adopted*, 2009 WL 1468601 (S.D.N.Y. May 22, 2009); and then quoting *Marte v. Apfel*, No. 96-CV-9024, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998))).

Because the Notice of Denial is dated May 14, 2019, Plaintiff is presumed to have received the Notice of Denial within five days of its mailing, on or before May 19, 2019.  *See* 20 C.F.R §§ 404.901, 416.1401 ("[The] [d]ate you receive notices means [five] days after the date on the notice, unless you show us you did not receive it within the [five]-day period.").  Under the applicable sixty-day statute of limitations, Plaintiff was required to commence this action on or before July 19, 2019, in order for this action to be timely.[2]  *See* 42 U.S.C. § 405(g).  Although Plaintiff has alleged that he did not receive the Notice of Denial within the five-day window because his "housing situation was unstable and [he] did not have a permanent address," (Pl.'s Opp'n 1),[3] Plaintiff has not presented any evidence to overcome the presumption that he received

---

[2]  The Court calculates this date based on the Notice of Denial, which provides that the sixty-day statute of limitations "start[ed] the day after [Plaintiff] receive[d] [the] letter." (*See* Notice of Denial.)  Plaintiff is presumed to have received the Notice of Denial on or before May 19, 2019, and the sixty-day statute of limitations would therefore run from May 20, 2019 to July 19, 2019.

[3]  Plaintiff failed to include these facts in his Complaint and instead includes them in his opposition.  The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants,

4

the Notice of Denial on or about May 19, 2019.  *See Liranzo*, 411 F. App'x at 391 (finding that the plaintiff's allegations were insufficient to make a reasonable showing required to overcome the presumption of receipt); *Sherwood v. Berryhill*, No. 17-CV-5015, 2018 WL 4473336, at *5 (S.D.N.Y. Sept. 18, 2018) (noting that "[i]n every known case where a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt" (quoting *Pettway ex rel. Pettway v. Barnhart*, 244 F. Supp. 2d 1354, 1357 & n.5 (S.D. Ala. 2002))); *Marquez v. Comm'r*, No. 12-CV-8151, 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013) ("[A] plaintiff must present some affirmative evidence indicating that actual receipt occurred at a later date." (first citing *Duran ex rel Canfield v. Barnhart*, No. 03-CV-1089, 2003 WL 22176011, at *2 (S.D.N.Y. Sept. 22, 2003); and then citing *Chiappa v. Califano*, 480 F. Supp. 856, 857 (S.D.N.Y. 1979))); *cf. Chasity P. v. Berryhill*, No. 18-CV-113, 2018 WL 5724003, at *3 (W.D.N.Y. Nov. 1, 2018) (finding that the plaintiff made a reasonable showing where she submitted three affidavits and screenshots of an electronic file as evidence to prove that she received the Appeals Council's notice nine days after the date on the letter).  Because Plaintiff commenced this action on August 1, 2019 — thirteen days after the deadline — and because the statute of limitations must be strictly construed, *see Twumwaa v. Colvin*, No. 13-CV-5858, 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (finding the plaintiff's social security complaint untimely where she filed seven days late and collecting cases), Plaintiff's claim is untimely.  (*See* Compl.)

---

reading such submissions to raise the strongest arguments they suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).  In addition, in light of Plaintiff's *pro se* status, the Court also considers and assumes the truth of the factual allegations in Plaintiff's opposition to the motion.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (finding that district courts may consider factual allegations made by a *pro se* party in his papers opposing a motion to dismiss).

5

### ii. Plaintiff has not presented an adequate basis to toll the limitations period

The Commissioner argues that there is no basis for the Court to toll the sixty-day statute of limitations because Plaintiff has made no showing that he was pursuing his rights diligently or that there were extraordinary circumstances that prevented him from filing his Complaint in a timely manner. (Comm'r's Mem. 7–8.)

Plaintiff argues if the Court does not consider his Complaint timely filed, the Court should grant him equitable tolling due to his housing instability. (Pl.'s Opp'n 2.)

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Circumstances that justify equitable tolling include circumstances where the plaintiff "(i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Cole-Hill*, 110 F. Supp. 3d at 484–85 (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2 (W.D.N.Y. Jan. 30, 1997) (collecting cases)). The plaintiff bears the burden of demonstrating that equitable tolling is justified. *See Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

Plaintiff has not sufficiently alleged facts that would warrant tolling the sixty-day limitations period. Plaintiff alleges that he did not receive the Notice of Denial within the

6

five-day window because his "housing situation was unstable and [he] did not have a permanent address." (Pl.'s Opp'n 1.) At an unidentified point in time, Plaintiff visited the Social Security Administration to "inquire about the status of [his] application," and a representative told him that he would receive a denial letter via mail. (*Id.*) There is no evidence that Plaintiff indicated that he had a different mailing address. Moreover, Plaintiff contends that he did receive the Notice of Denial on or about July 21, 2019, demonstrating that the address was accurate at that time. (*Id.*) While the Court is sympathetic to Plaintiff's housing instability and the challenges that produces, Plaintiff's lack of specific allegations as to the issue with his housing situation that allegedly resulted in him receiving the Notice of Denial approximately two months after it was mailed does not satisfy the requirements for equitable tolling under the case law in this Circuit.[4] *See Bowen v. Comm'r*, No. 15-CV-117, 2015 WL 7281610, at *7 (D. Vt. Nov. 16, 2015) (collecting cases ruling that equitable tolling was not warranted where the plaintiffs claimed financial troubles, homelessness, and family deaths, among other "difficult circumstances"); *Kesoglides v. Comm'r*, No. 13-CV-4724, 2015 WL 1439862, at *5 (E.D.N.Y. Mar. 27, 2015) ("While the [c]ourt understands that [the plaintiff] faces challenges in dealing with the loss of his apartment and his illness, these challenges do not excuse him for acting diligently in pursuing his appeal."); *Courtney v. Colvin*, No. 13-CV-2884, 2014 WL 129051, at *3 (S.D.N.Y. Jan. 14, 2014) (finding that the plaintiff's alleged identity theft and change of address, even taken at face value, were not "the sort of extraordinary circumstances justifying equitable tolling"); *da Costa v. Union Loc. 306*, No. 08-CV-2470, 2009 WL 3076077, at *4 (S.D.N.Y. Sept. 25, 2009) (adopting report and recommendation holding that the plaintiff's homelessness and

---

[4] While the Commissioner notes that the Notice of Denial was sent to the same address that Plaintiff later provided in his Complaint, the Court takes these allegations as true, as they are most favorable to the non-moving party. *See In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.) (holding that when considering a motion to dismiss under Rule 12(b)(6), a court must draw "all inferences in the light most favorable to the non-moving party").

psychological problems did not constitute extraordinary circumstances for the purposes of equitable tolling); *cf. Latoya A. on behalf of N.C. v. Saul*, No. 19-CV-581, 2020 WL 1157451, at *2 (N.D.N.Y. Mar. 10, 2020) (ruling that equitable tolling was warranted where the plaintiff "was confronted with significant family medical and educational issues" in addition to needing to "address the risk of losing a place for her family to live and the need to provide not only shelter, but food for her family").

### iii.  Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the Complaint within thirty days of this Memorandum and Order to sufficiently demonstrate that he is entitled to equitable tolling.  Plaintiff is advised that the Amended Complaint will completely replace the original Complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Order.  Plaintiff may contact the Federal Pro Se Legal Assistance Project of the City Bar Justice Center at 212-382-4729 for limited-scope legal assistance.

## III. Conclusion

For the foregoing reasons, the Court grants the Commissioner's motion to dismiss the Complaint without prejudice, and grants Plaintiff leave to amend the Complaint within thirty days of this Memorandum and Order.

Dated: June 24, 2022
Brooklyn, New York

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

8